IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS HEALTH AND WELFARE FUND AND HOWARD McDOUGALL, trustee,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>ALLIED BUILDING PRODUCTS CORP., a New Jersey corporation,<br><br>　　　　　Defendant. | FILED: MARCH 27, 2008<br>08CV1769　　　AEE<br>JUDGE KENDALL<br>MAGISTRATE JUDGE DENLOW<br><br>Case No.<br>Honorable<br>District Judge |

## COMPLAINT

Plaintiffs Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund"), Central States, Southeast and Southwest Areas Health and Welfare Fund ("Welfare Fund"), and Howard McDougall, one of its present Trustees (collectively the "Funds") complaining of Defendant Allied Building Products Corp., a New Jersey corporation ("Allied Building Products") allege as follows:

## JURISDICTION AND VENUE

1.　This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq., as amended by the Multiemployer Pension Plan Amendments Act of 1980, and is a suit to enforce the terms of the Pension Fund and the Welfare Fund. Jurisdiction is premised upon Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1), and the Pension Fund Trust Agreement and the Welfare Fund Trust Agreement.

2. Plaintiffs are an "employee benefit plan" as that term is defined in ERISA and are administered in the Eastern Division of the Northern District of Illinois. Venue is proper in this district under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and pursuant to the forum selection clause of the Pension Fund Trust Agreement and the Welfare Fund Trust Agreement

## PARTIES AND RELATIONSHIP

3. The Funds are an employee benefit plan and trust, with their administrative office and their principal and exclusive offices at 9377 West Higgins Road in Rosemont, Cook County, Illinois.

4. The Funds are primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters (hereinafter "IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing benefits to participants and beneficiaries of the Funds and paying the administrative expenses of the Funds.

5. Plaintiff Howard McDougall is a Trustee and a "fiduciary" of the Funds as that term is defined in ERISA and brings this action in his capacity as a Trustee and fiduciary. Pursuant to Section 502(a)(3) of ERISA, plaintiff Howard McDougall is authorized to bring civil actions on behalf of the Funds and its participants and beneficiaries. 29 U.S.C. §1132(a)(3).

6. Defendant Allied Building Products is a New Jersey corporation and is an "employer" and a "party-in-interest" as those terms are defined by, respectively, 29 U.S.C. §§1002(5) and 1002(14)(C) of ERISA.

7. Local Union Nos. 20, 100, and 714 of the IBT ("Locals") are labor organizations which represents, for the purpose of collective bargaining, certain employees of Defendant and employees of other employers in industries affecting interstate commerce.

## CERTAIN RELEVANT BACKGROUND EVENTS

8. For all periods relevant, Allied Building Products was signatory to Collective Bargaining Agreements with the Locals.

9. Pursuant to these agreements, Allied Building Products agreed to pay contributions to the Pension Fund and the Welfare Fund on behalf of covered employees.

10. Defendant also agreed to be bound by the provisions of the Trust Agreements which created the Funds and agreed to pay contributions to the Funds on behalf of employees covered by the Funds Trust Agreements.

11. The Funds' Trust Agreements require Defendant to "make continuing and prompt payments to the Funds as required by the applicable collective bargaining agreements."

12. The Funds rely upon participating employers to self-report the work history of eligible employees in order to prepare a monthly bill and determine benefit eligibility. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks and/or days worked by the covered employees.

13. The Funds Trust Agreements permit the Funds to audit the records of participating employers to verify the accuracy and completeness of employee work history reported by the employers.

14. On February 4, 2008, the Funds sent a letter to Defendant requesting an

audit for the period of January 2003 through December 2005. The Funds requested year-end payroll registers, IRS Forms W-2 and W-3, IRS Forms 941 and 941(c) and IRS Forms 1099 and 1096, Individual Earnings Cards, Seniority Lists, OSHA Summary of Occupational Injuries and Illnesses, personnel files and/or other documentation which would support job classifications, time cards and manifests, trip sheets, and Daily Driver logs for all employees employed by Defendant. The Funds also requested information with respect to enable the Funds to confirm that certain operations of Allied Building Products were not participating in the Funds.

15. Allied Building Products has refused to comply with the Funds' audit request.

16. The Funds Trust Agreements provide:

> Production of Records. Each employer shall promptly furnish to the Trustees, upon reasonable demand, the names and current addresses of its Employees, their Social Security numbers, the hours worked by each Employee and such other information as the Trustees may reasonably require in connection with administration of the Trust. The Trustees may, by their representatives, examine the pertinent records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust...

17. Pursuant to rules promulgated by the Trustees, the Pension Fund and the Welfare Fund Trust Agreements, and Section 502(g)(2)(d) and (e) of ERISA, 29 U.S.C. §1132(g)(2(d), (e), Allied Ready Mix is required to pay all audit fees and costs incurred by the Pension Fund and the Welfare Fund in connection with the audit of Allied Building Products' records.

## STATUTORY AUTHORITY

18. 29 U.S.C. §1132(g)(1) provides:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions
>
> (1) In any action under this subchapter (other than an action described in

paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party.

### **STATUTORY AND CONTRACTUAL VIOLATIONS**

19. Allied Building Products has breached the provisions of the Funds Trust Agreements by failing to allow Plaintiffs' representatives to view information reasonably required by the Trustees in connection with the proper administration of the Funds.

**WHEREFORE,** the Plaintiffs request the following relief:

(a) An order requiring Defendant Allied Building Products Corp., a New Jersey corporation to comply with the terms of Pension Fund and Welfare Fund Trust Agreements, and directing Defendant to comply with Plaintiffs' request to complete an audit for the period of January 1, 2003 through December 31, 2005, and to provide access to all records requested therein, including the records for all employees not concededly covered by the Collective Bargaining Agreements.

(b) A judgment against Defendant Allied Building Products Corp., a New Jersey corporation in favor of Plaintiffs for all costs and attorneys fees incurred by Plaintiffs in connection with this action.

(c) That this Court retain jurisdiction of the cause pending compliance with its orders.

(d) For such further or different relief as the Court may deem proper and just.

Respectfully submitted,

/s/ Anthony E. Napoli
Anthony E. Napoli
Attorney for Plaintiffs
Central States, Southeast and
Southwest Areas Pension and Health
and Welfare Funds
9377 W. Higgins Road, 10th Floor
Rosemont, Illinois  60018-4938
(847) 518-9800, Ext. 3702
ARDC # 06210910
tnapoli@centralstatesfunds.org